IN THE.

# SUPREME COURT

OF

# NEW JERSEY,

## APRIL TERM, 1792.

[118]     STILLE v. WOOD.

1. A *scire facias* lies to revive a judgment, although a previous execution has issued in every case, when the whole debt has not been levied.

2. When an execution has issued, under which property of defendant has been levied upon, and there is not sufficient to discharge the debt, a *scire facias*, issued afterwards, should be special *quoad residuum ;* but if it be general, it is too late, after verdict, to object to it on this ground.

In this case Stille had obtained a judgment, in the year 1784, against the defendant for £900, and had sued out a *fi. fa.* thereon.

Under this execution the sheriff seized the lands and goods of defendant, and returned that he had levied upon property of the value of £5. The defendant, under the act of 1786, had made a transfer of land in satisfaction of the execution, which, however, the plaintiff had always refused to accept, on the ground that it had been irregularly made, and was, therefore, void. This *scire facias* was sued out in 1790, to revive the judgment, that another execution might be taken out.

The defendant to this *scire facias* pleaded, first, payment ;

139

second, the former execution, levy, and transfer. At the trial before Mr. Justice Smith, the defendant relied upon the transfer as a bar to further execution, and as a discharge of the debt. His Honor, however, considering it altogether void, overruled it, and a verdict was found for the plaintiff.

This was a motion to arrest the judgment, and in support of it, *Stockton* and *Frelinghuysen* took two exceptions upon the record.

[119] 1st. That it appeared and was admitted of record, that at the time of bringing the *scire facias*, there had already been an execution and a seizure of all the property that belonged to the defendant, which should be deemed a sufficient discharge of the debt, at least until the sheriff had returned the amount of proceeds arising from the sale, *Clerk* v. *Withers*, 1 *Salk.* 322, *pl.* 10; *Mountney* v. *Andrews*, *Cro. Eliz.* 237. (*a*)

They contended that the object of reviving a judgment by *scire facias*, is to warrant an execution; but here that end was already obtained. There has been an execution issued, the very thing which plaintiff is presumed to have in view, and it is vexatious to proceed to a new judgment and execution. The hardship of the case upon the defendant, and the harassing intentions of the plaintiff are unequivocally manifested by the fact which appears on the record, that all the property of the defendant had been already levied upon.

It was further contended, that a *fi. fa.* and levy under it amounted to a satisfaction of the original judgment. The value returned by the sheriff is known to be no criterion, for it is customary to return, as in the present case, an inconsiderable sum to prevent themselves from being responsible for a larger amount. Certainly, however, as all the property belonging to the defendant has been seized, it must be presumed to amount to a full satisfaction of the judgment, until the sheriff proceeds to sell, and has ascertained the deficiency. It appearing, then, by the record, that the plaintiff had exe-

(*a*) See 2 *Saund.* 344, *nota.*

cution at the time of suing out this *scire facias*, the court must adjudge upon that fact, without reference to the subsequent finding of the jury, which is not allowed to countervail the record. *Hobart* 56.

There is not a single case to be met with in the books, where a *scire facias* has issued to revive a judgment, upon which there was at the time an execution in full existence, under which the property of the defendant was at that very period held. The writ will lie, only where there is a judgment to be revived that has suffered to sleep for a year and a day, and upon which no execution has issued; and where [120] an execution has indeed issued, which has been spent by a sale of property, the proceeds of which have proved insufficient to discharge the amount of the judgment. In this latter case, also, the writ must be especially *pro residuo*, and this was the doctrine laid down in all the books and precedents upon the subject. The Statute of Westminster, (13 *Ed. I., st.* 1, *cap.* 45,) which is the foundation of this writ, allows this mode of proceeding only where an execution had not been sued out within the year; and the commentary of Lord Coke, (2 *Inst.* 471–2,) regards it in this light only. Reason and common sense are equally opposed to the course that has been pursued by the plaintiff, for, by the same principle, he may proceed *in infinitum*, if it be not permitted the defendant to plead the first execution in bar. 1 *Richardson's K. B.* 207, 287; 2 *Crompt.* 95; *Bohun* 117, 263, establish the doctrine that the only object of the *scire facias* is to warrant an execution.

To the objection made at the trial, that the sheriff had acted irregularly, by making a transfer, this, it is contended, is entirely unconnected with the question now before the court. It should be made the subject of a distinct application to the discretionary and general controlling powers vested in the court. It is a matter exclusively and entirely resting between the plaintiff and the sheriff, and cannot in any degree affect the validity of the first seizure. The plaintiff himself insists on the record, that this transfer was void;

and the court and jury in the trial have decided the same point; so that upon the grounds which they themselves have alleged, it ought not to be considered as affecting, one way or another, the point now before the court. Our case stands entirely independent of this transfer, and it is immaterial to us upon the present motion, whether the court should coincide in opinion with the judge at Nisi Prius, that the transfer is absolutely void, and therefore not to be regarded, or valid, and therefore a complete bar to the plaintiff's claim.

The second objection upon the record is, that this was a *scire facias* to revive the entire judgment for the whole sum, whereas, it appears on the record, that £5 was levied on the first *fi. fa.* The jury in their verdict have found [121] against the express admission of the parties on record; it is a general verdict for the whole sum, which is erroneous. *Vigers* v. *Aldrich,* 4 *Burr.* 2482. (a)

It is perfectly immaterial whether the error appears as there, on demurrer, or, as in this case, in arrest of judgment. Errors apparent on the record, which show a complete bar to the plaintiff's claim, or that he has pursued a wrong remedy, may be taken advantage of at this stage of the cause. The writ here is clearly erroneous; it should have been an *alias fi. fa.* for the residue, or a *sci. fa.* for the residue, and not for the whole amount of the original judgment.

*Leake* and *Howell,* for the plaintiff, acknowledged that the court must give judgment upon the record, without regard to a contrary finding of the jury; but they insisted, 1st. That the levy in this case on the *fi. fa.* could not be taken to be beyond the value returned by the sheriff, viz., £5. The case of *Clerk* v. *Withers,* which has been cited, proves nothing further than that when the sheriff has actually seized to the amount of the execution, such levy is a bar.

(a) This case in Burrows is by no means conclusive upon the point for which it appears to have been cited, but the law is correctly laid down by the counsel, as will appear by reference to 7 *Bac. Abr.* 40, and the cases there cited.

Stille v. Wood.

2d. When an execution has been permitted to lie dormant and unexecuted for more than a year, it is competent for the plaintiff to revive his judgment by a *sci. fa.*, and this, so far from operating to the prejudice of the defendant, is unquestionably calculated to promote his advantage as much as a *sci. fa.* where no execution has been issued. He has it in his power to plead payment, or a release in his discharge, and the right arises from a liberal extension of the statute, so as to meet cases within its obvious intent.

3d. In this case the sheriff has interposed an apparent satisfaction of the plaintiff's judgment, by executing a transfer under the first execution. In such circumstances, it was impossible for the plaintiff to have the benefit of the writ, and the *sci. fa.* is a proceeding which can alone give an effectual remedy. Under this the plaintiff can prove everything [122] that goes to show the judgment unsatisfied, and the defendant is let in to establish, by testimony, every circumstance that will go to his discharge, by showing either a partial or a total payment. It gives an opportunity to try the cause upon its actual merits, and secures to the parties the benefit of a jury of their country.

As to the second objection, that the *scire facias* should have been special, it was answered—

1st. That it might have been so had the plaintiff actually received any portion of his debt, but it appears there has not been even a partial payment to him. The property levied upon was never actually sold ; the entire debt remains unsatisfied. A mere return by the sheriff of property levied upon, is no payment to the plaintiff, and no discharge of the defendant, until sold.

2d. Admitting it an actual payment, it was then matter of plea *pro tanto.* The defendant had pleaded payment, which is a good plea to the *sci. fa.*, and, after verdict, the court must presume it was allowed so far as it was supported by the testimony.

3d. This objection comes too late after verdict.

KINSEY, C. J., delivered the opinion of the court.

As to the first objection taken by the defendant on this motion in arrest of judgment, we think that a *scire facias* lies under the statute in all cases where the whole debt has not been levied upon the execution. 1 *Richardson's B. R.* 289; *Kettleby* v. *Hales*, 3 *Lev.* 119 ; *Lutes* 402.

On the second objection—regularly, the *sci. fa.* should have been special *pro residuo*, reciting the previous levy, but the defect cannot, at this stage of the cause, be admitted to prevail.   The case in Burrows is clearly distinguishable, and there the error was taken advantage of on demurrer.   The case of *Kettleby* v. *Hales* was open to the same objection, but it does not appear to have been thought of.   At any rate, after verdict the objection comes too late.

Judgment for plaintiff.